XIAO YUN WANG, Petitioner,

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Alberto R. Gonzales,\* Attorney General, Respondent.**

No. 04–2263–ag.

United States Court of Appeals, Second Circuit.

May 1, 2006.

David X. Feng, New York, New York, for Petitioner.

Dunn Lampton, United States Attorney for the Southern District of Mississippi; and Alfred B. Jernigan, Jr., Assistant United States Attorney, Jackson, Mississippi, for Respondent.

PRESENT: Hon. WALKER, Jr., Chief Judge, Hon. ROSEMARY S. POOLER, and Hon. REENA RAGGI, Circuit Judges.

**SUMMARY ORDER**

Petitioner Xiao Yun Wang, a citizen of the People's Republic of China, petitions for review of an order of the BIA affirming a decision of an immigration judge ("IJ") rejecting the petitioners' application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for for- mer Attorney General John Ashcroft as a respondent in this case.

We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

"[W]here the BIA summarily affirms the decision of the IJ, we review the IJ's decision directly." *Xue Hong Yang v. United States DOJ*, 426 F.3d 520, 522 (2d Cir. 2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir. 2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). Inconsistent testimony often bears a legitimate nexus to an adverse credibility finding, but it need not be fatal if it is minor and isolated, and the testimony is otherwise generally consistent, rational, and believable. *See Diallo v. INS*, 232 F.3d 279, 288 (2d Cir.2000).

■ In this case, the IJ based his adverse credibility determination on inconsistencies, implausibilities, Wang's demeanor while testifying, and a lack of corroborating evidence in support of Wang's claims. Specifically, the IJ found several inconsistencies and implausibilities, which included: (1) Wang's fluctuating testimony relating to how many days she was hospitalized; (2) Wang's inconsistent testimony relating to when she found out she was pregnant, and when she told her boyfriend and parents about her pregnancy; (3) the implausibility that Wang's mother did not notice Wang was three or four months pregnant; and (4) the implausibility that her family could afford a smuggler to assist Wang's entry into the United States, but could not afford to pay Wang's fine. An independent review of the record indicates that Wang's testimony was inconsistent in relation to the duration of her hospitalization, when she became pregnant, and when she told others about her pregnancy. Although the IJ attempted to clarify Wang's testimony in relation to these events, Wang did not provide clear answers to the IJ's questions, and the inconsistencies were not explained or diminished. Further, the IJ noted that he found it improbable that Wang's mother would not notice her pregnancy considering Wang's build and the fact that the two lived together. Since this Court does not have the ability to observe Wang's build, this Court defers to the IJ's finding since he was in a position to view Wang and determine whether the testimony was plausible. *See Zhang*, 386 F.3d at 73. With regard to the IJ's concern over the lack of corroboration, this Court has found that "[t]he presence or absence of corroboration may properly be considered in determining credibility." *Diallo*, 232 F.3d at 287. Here, the IJ noted that corroboration would have been helpful to Wang's claims, and specified the following examples: a statement from her boyfriend; statements from her parents; documentation in support of her hospitalization; and statements or testimony from friends or relatives in the New York City area, who were referred to in support of her motion for a change of venue. It seems that some, if not all, of these sources of corroborative evidence "may reasonably be expected," and Wang's explanation for her failure to provide such documentation—that she did not have a

"steady address" despite the availability of her attorney's address—is not a "sufficient explanation" for her lack of such evidence. *See Diallo,* 232 F.3d at 287–90. Therefore, while a finding of a lack of corroboration cannot be the exclusive basis for an adverse credibility finding, in this case, it was properly considered as one factor among others. *See id.* at 287. Overall, the IJ's findings relating to the lack of corroboration and the inconsistencies and implausibilities in the record are supported by substantial evidence and, therefore, asylum and withholding of removal relief were properly denied.

■ In relation to Wang's CAT claim, because she did not challenge the denial of her CAT claim before the BIA, she has failed to exhaust this claim and it cannot be considered by this Court. *See Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal in this proceeding is DENIED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).